UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NOVUM STRUCTURES, LLC,

    Plaintiff,

  v.         Case No. 16-CV-1568

LARSON ENGINEERING, INC. and
IRONSHORE SPECIALTY INSURANCE CO.,

    Defendants.

# ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERTS

**1. Facts and Background**

Novum Structures, LLC, was hired to design and construct a large glass-covered atrium. As it had done many times in the past, Novum brought in Larson Engineering, Inc. to review and ultimately stamp the drawings that Novum drafted. During construction, ice built up in the connection boxes where the trusses connected to the edge beam, causing the welds in those connection boxes to crack. When investigation revealed that the welds were insufficient to support the structure, Novum was required to reconstruct significant portions of the structure.

Novum brought this action alleging that, because Larson stamped the drawings for the structure, it alone is liable for the defects in the welds. On May 7, 2018, Larson served Novum with "Defendants' Rule 26(a)(2) Expert Disclosures." (ECF No. 30-17.) Larson's expert disclosures identified two individuals as experts: Thomas Downs and Keith Pashina. Larson stated that Pashina would offer testimony consistent with the content of "his" report, which was attached. (*Id*.)

The report that was attached to Larson's expert disclosures was signed by Pashina as Principal and by Steven Talafous as Principal Engineer of Buildings Consulting Group, Inc. (ECF No. 30-17 at 14.) Beginning with an "Executive Summary" and concluding with "General Remarks," the narrative portion of the report covers 14 pages. Throughout, all opinions in the report are expressed as "our" opinions. At the end of the report are curriculum vitae for Pashina, Talafous, and Senior Engineer Mark J. Duncan, who did not sign the report and is not otherwise mentioned in the report.

Apparently due to Pashina's inability to answer various questions at his deposition, on July 31, 2018, Larson served Novum with "Defendants' First Amended Rule 26(a)(2) Expert Disclosures." (ECF No. 30-19.) In its amended expert disclosures Larson added Talafous and Duncan as experts that it may call to offer the opinions contained in the report submitted with its original expert disclosures.

Novum has moved to strike Pashina as an expert on the ground that he is not qualified to offer the opinions expressed in his report. (ECF No. 27.) It also contends

2

that Larson's amended expert designation should be stricken "because it came months too late." (ECF No. 28 at 13.) Novum does not challenge Downs's opinions or object to him testifying as an expert.

2.  **Pashina's Qualifications as an Expert**

In its brief in support of its motion to strike Pashina as an expert witness Novum quotes at length from his deposition testimony, identifying a variety of topics on which Pashina is not qualified to testify. (ECF No. 28.) It contends that Pashina, a civil rather than a structural engineer, has no relevant experience or education in the field of structural steel engineering. (*Id.* at 2.) Novum argues that, because he has no background or experience in structural engineering, at his deposition Pashina "could not answer basic questions about the bases for a number of opinions contained in his expert report and, instead, deferred to his colleagues." (*Id*. at 4.) As a result, it contends, Pashina should be precluded from testifying as an expert in this case.

Not until its reply brief did Novum identify any specific opinion contained in Pashina's report that it contends he is not qualified to offer. It quotes one paragraph in the Executive Summary of the report that, it contends, "summarizes" the opinions of Pashina and his firm:

> BCG has a reasonable degree of engineering certainty [that] the Larson design of Novum's original atrium design met the requirements of the Wisconsin Building Code. Oru review of provided documentation and structural review found the alleged structural design deficiencies were not present. The design review provided by Larson correctly determined the Novum atrium design was sufficient to meet the rquirements of the

>Wisconsin State Building Code. It is our opinion Larson's review of the
>Novum design met the standard of a peer review.

(ECF No. 34 at 2-3.) It then argues that "most" of the ensuing pages of the report, and all of the appendices, are devoted to describing the structural engineering analysis in greater detail. (*Id.* at 3.)

Pashina admittedly is not qualified to offer all of the opinions included in his report. He acknowledged as much at his deposition when he was frequently unable to answer technical questions, deferring to Talafous and Duncan. (*See* ECF No. 28 at 9-11; *see also* ECF No. 28 at 2-4.) However, the court does not find a basis for concluding that Pashina wholly lacks technical knowledge that will help the trier of fact understand the evidence or determine a fact in issue. As an engineer experienced in peer reviewing the work of other engineers, he is qualified to offer opinions as to what was included within this sort of a review. (*See* ECF No. 30-18 at 3-4.) He is also qualified to offer opinions regarding the significance of an engineer stamping a drawing and the role of an engineer of record. (*See* ECF No. 30-18 at 2-4.) Therefore, the court will deny Novum's motion to wholly bar Pashina from testifying as an expert.

### 3. Talafous as an Expert

It is clear from Pashina's report that it was a collective effort. Nevertheless, for whatever reason, Larson initially identified only Pashina as an expert regarding that report. Not only was the report signed by both Pashina and Talafous, throughout it uses terms like "our" and "we" and is phrased as a work of Building Consulting Group, Inc.

rather than of any individual. But a party cannot call a corporation to testify as an expert, and there is no equivalent to Rule 30(b)(6) for an expert witness. Larson should have identified as experts all persons whose opinions went into the report.

Larson's amended expert disclosures add Talafous and Duncan as experts. (ECF Nos. 28 at 13; 30-19.) This was done on the deadline for all expert discovery and nearly three months after the May 7, 2018 deadline for Larson to disclose its experts. (ECF No. 17.) In fact, the expert disclosure deadline had already been extended three times (Text Only Order of August 21, 2017; ECF Nos. 12, 17) from an initial deadline of August 30, 2017 (ECF No. 8). Novum argues that the amendment came too late and that Talafous and Duncan should not be allowed to testify as experts.

Larson states that it is not planning on calling Duncan as an expert. (ECF No. 29 at 15, n. 9.) Thus, the only issue is whether Larson should be precluded from calling Talafous as an expert on the ground that its disclosure of him as an expert was untimely.

### 3.1. Compliance with Rule 26(a)(2)

The proper disclosure of expert witnesses is not a pointless formality; it allows the opposing party to prepare for trial. *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 952 (7th Cir. 2018) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004)). Larson argues that, by timely disclosing an expert report signed by Pashina and Talafous, it complied with Rule 26(a)(2) and properly disclosed Talafous as an expert.

The fact that Talafous also signed the report was not enough to comply with Rule 26(a)(2), which "demands a formal designation for expert disclosures." *Karum Holdings*, 895 F.3d at 951. The rule states that "this disclosure must be *accompanied* by a written report …." Fed. R. Civ. P. 26(a)(2)(B). The use of "accompanied" makes clear that the written report is distinct from the disclosure. Moreover, Larson has failed to demonstrate that the report contained all the information required under Rule 26(b)(2)(B).

### 3.2. Compliance with Rule 26(e)(2)

The court also rejects Larson's argument that its belated disclosure of Talafous as an additional expert witness was merely a supplement to its initial disclosures under Rule 26(e)(2). The court reads Rule 26(e)(2) as establishing the duty to supplement information regarding a previously disclosed expert; it does not authorize a party to disclose a new expert under the guise of supplementation. Larson has not presented any authority to support its reading of the Rule.

### 3.3. Sanction Under Rule 37(c)(1)

Thus, the court finds that Larson violated Rule 26(a) by not timely disclosing Talafous as an expert. The Court of Appeals for the Seventh Circuit has stated that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742

(7th Cir. 1998)); Fed. R. Civ. P. 37(c)(1). In assessing whether the violation was either justified or harmless, the court should consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857. The court finds these factors do not warrant excluding Talafous as an expert witness.

To begin with, just as it should have been clear to Larson, it should have been immediately apparent to Novum that the report was a collective effort. Talafous signed the report as the "Principal Engineer," the cover letter directed questions to either Pashina or Talafous, and Talafous's resume was appended to the report. (ECF No. 30-8.) Thus, at a minimum, Novum should have suspected that Larson erred in not also naming Talafous as an expert. Any confusion was eliminated during Pashina's deposition where he stated explicitly that Talafous was responsible for certain conclusions in the report. (*See* ECF No. 28 at 9-12 (quoting from Pashina's deposition).) Thus, Novum certainly cannot say it was blindsided by Larson's subsequent disclosure of Talafous as an expert.

However, it is undisputed Larson disclosed Talafous as an expert two months late. And although in hindsight it is easy to say that Larson should have appreciated Talafous's role in preparing Pashina's report, there is no reason to believe it actually did. In other words, there is nothing to suggest that Larson's delay was tactical or

7

intentional. Therefore, the court has no reason to ascribe bad faith or willfulness to Larson.

Importantly, Larson acted promptly once it became apparent that Pashina could not offer some of the opinions expressed in the report. It amended its expert witness disclosures five days after Pashina's deposition. And immediately after Pashina's deposition, even before formally amending its expert disclosures and apparently without being asked by Novum, Larson offered to make Talafous available for a deposition.

The fact that Novum apparently never responded to the offer to depose Talafous is relevant in assessing whether Novum is prejudiced by Larson's tardy disclosure. The court acknowledges that, if Talafous is allowed to testify as an expert, absent amendment of the scheduling order by Judge Adelman, Novum will have lost its opportunity to depose him or to challenge his competence under Rule 702 or *Daubert*. Having said that, if this court allows Larson to call Talafous as a belatedly-named expert, there is no reason to believe Judge Adelman will not grant Novum the opportunity to take his deposition. Because Judge Adelman has not referred this case to this court for full pretrial management (ECF No. 36), this court lacks the authority to grant Novum relief from the scheduling order. Whether to extend discovery is a decision reserved to Judge Adelman. Novum could have prevented this potential prejudice by taking Larson up on its offer to make Talafous available for a deposition.

Instead, it made a tactical decision to attempt to bar both Pashina and Talafous from testifying at trial.

Also undermining Novum's claim of prejudice is the fact that permitting Talafous to testify as an expert will not require the repetition of any costly proceedings. For example, this is not a case where allowing Talafous to testify will require Novum to re-do its motion for summary judgment. *Cf. Musser v. Gentiva Health Servs.*, 356 F.3d 751, 759 (7th Cir. 2004) (noting, in part, that defendant was harmed by the additional costs of preparing a new motion for summary judgment). The resolution of that motion was unaffected by Talafous's opinions. Moreover, because Talafous was not previously deposed, Larson's tardy disclosure of him as an expert will not require the repetition of a deposition. *Cf. Karum Holdings*, 895 F.3d at 952 (noting prejudice because, although witness was deposed as a fact witness, he would have to be re-deposed regarding his expert opinions). And given that a trial has not yet been scheduled, there is no risk that the trial will be disrupted by Larson's untimely disclosure.

## 4. Novum's Alternative Argument

Novum also argues that Pashina, and presumably Talafous, should be barred from testifying because their opinions are inconsistent with the testimony of Larson's engineers, who testified that Larson was the engineer of record. Novum argues that the opinions contradict Wisconsin law regarding the obligations of an engineer who stamps a design.

As discussed more fully in the court's report and recommendation regarding Novum's motion for partial summary judgment, Novum is placing too much weight on the characterization of someone as the "engineer of record." While this might have been a convenient shorthand for the relationship between Novum and Larson, the actual nature of the relationship and agreement between the parties matters more than the label they may have in hindsight attached to it. A reasonable finder of fact could conclude that Larson's duties to Novum were limited to reviewing the drawings Novum provided and ensuring that they satisfied the local building code.

Novum also mischaracterizes the statute and regulation addressing an engineer's professional responsibility to not stamp a drawing unless he was personally involved in the drafting. Although the statute and regulation might be relevant in suggesting the duty of care owed by a professional engineer, they do not necessarily establish that an engineer is responsible as if he designed the plan, solely by virtue of having stamped the design.

## 5. Conclusion

In sum, Pashina is admittedly unqualified to offer all of the opinions reflected in the report he jointly prepared with Talafous. However, Pashina is not categorically disqualified as an expert and Novum has not asked the court to parse his opinions to articulate which he may offer and which he may not. Rather, it appears that, when Pashina was asked for an opinion outside his expertise, he readily acknowledged it.

As for Talafous, Larson violated Rule 26(a) when it failed to timely disclose him as an expert witness. However, barring him from testifying as an expert is not an appropriate sanction under Rule 37(c)(1).

Finally, the court rejects Novum's argument that Pashina must be barred from testifying because his opinions are inconsistent with the undisputed facts of the case or Wisconsin law. As explained in the court's report and recommendation regarding Novum's motion for partial summary judgment, Novum overstates the significance of these.

**IT IS THEREFORE ORDERED** that Novum's motion to exclude Pashina and Talafous from testifying as experts (ECF No. 27) is **denied**.

Dated at Milwaukee, Wisconsin this 30th day of April, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge